

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

WESTERN NATIONAL MUTUAL
INSURANCE COMPANY,                           :          CIV. 17-_1030

     Plaintiff,                                        :

                                                       :

v.

                                                       :

GATEWAY BUILDING SYSTEMS, INC.,              :          **COMPLAINT FOR**
CHIEF INDUSTRIES, INC., HEYER                           **DECLARATORY JUDGMENT**
ENGINEERING, P.C., and SOUTH DAKOTA          :
WHEAT GROWERS ASSOCIATION,
                                                       :

     Defendants,

                                                       :

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

For its complaint, Plaintiff Western National Mutual Insurance Company ("Western National") states and alleges as follows:

### Jurisdiction and Venue

1.    Jurisdiction in this matter exists based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

2.    Plaintiff Western National is an insurance company incorporated under the laws of the State of Minnesota, with its principal place of business in Edina, Minnesota.

3.    Defendant Gateway Building Systems, Inc. ("Gateway") is a North Dakota corporation with its principal place of business in Fargo, North Dakota.

4.    Defendant Chief Industries Inc., is a Delaware corporation with its principal place of business located in Kearney, Nebraska.

Case No. CIV17-_____
Complaint for Declaratory Judgment

5.      Defendant Heyer Engineering, P.C. ("Heyer") is a North Dakota corporation with its principal place of business in Fargo, North Dakota.

6.      Defendant South Dakota Wheat Growers Association ("SDWG") is a South Dakota corporation with its principal place of business in Aberdeen, South Dakota.

7.      This is an action for declaratory relief brought pursuant to 28 U.S.C. § 2201.

8.      Diversity jurisdiction exists because there is there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.

9.      Venue is appropriate under 28 U.S.C. § 1391 because SDWG's principal place of business is in the Northern District of South Dakota, and the acts from which the underlying lawsuit originated occurred in the Northern District of South Dakota.

**Underlying Facts and Lawsuit**

10.     On or about May 21, 1999, Gateway entered into a contract with SDWG to construct a 247' Chief Industries grain bin ("Big Bin") located at SDWG's Mellette, South Dakota facility.

11.     Gateway was the general contractor on the project.

12.     Heyer designed the concrete foundation for the Big Bin and performed other later design work.

13.     Gateway constructed the Big Bin and a final inspection was conducted in January 2000.  Concrete work was performed by subcontractors, but Gateway erected the Big Bin itself.

14.     In early 2000, Gateway installed large plates on the stem wall on both sides of the south loader door to reinforce the stem wall.  Heyer designed the plates to provide reinforcement because rebar was not originally installed under the concrete under the south loader door frame due to the presence of chutes under the doorway.

15.     In April 2002, the welds and wall to the west side of the loader door separated and tore.   Chief Industries found that the tear started at the base of the steel wall and moved diagonally upward to the top of the loading door frame.  Chief Industries repaired the tear following the emptying of the bin by welding a gusset plate to the west side of the door frame and reattaching the eyebrow to the I-beam over the door.

16.     In April 2003, new cracks were discovered on the east side of the loading door and SDWG, with Chief Industries' approval, installed a gusset plate on the east side of the loading door.  The gusset plate was half the height of the gusset plate installed on the west side of the loading door.

17.     On or about January 5-6, 2013, a tear occurred at the top of the door frame on the east side of the south loader door.   The tear continued to the top of the gusset plate and eventually resulted in a catastrophic failure with a partial collapse of the bin walls and roof near that location.

18.     On or about April 7, 2014, SDWG filed suit against Gateway and Chief Industries in Spink County alleging negligence, strict products liability, duty to warn, breach of contract, and breach of express warranties.

19.     In May 2014, the case was removed to the District Court of South Dakota, Northern Division on the basis of diversity of citizenship.

20.     On or about September 28, 2016, SDWG filed a Second Amended Complaint against Gateway, Chief Industries, and Heyer, alleging negligence, fraudulent misrepresentation, fraudulent concealment, statutory deceit, negligent misrepresentation, strict products liability, duty to warn, breach of contract, breach of express and implied warranties, deceptive trade

practices, and equitable estoppel.  A true and correct copy of the Second Amended Complaint is attached hereto as **Exhibit A**.  The underlying lawsuit is pending before this Court.

21.    SDWG alleges that Gateway's representations about the snow and bin loads for the Big Bin were false, and that Gateway improperly installed the large plates on the stem wall of the Big Bin on both sides of the south loader door.  (Second Am. Compl. ¶¶ 13-14.)  SDWG also alleges that Gateway improperly failed to install rebar underneath the door frame.  (*Id.* ¶ 14.)  SDWG alleges that the collapses due to snow loading in 2000 and 2001, tears in the side panel connections to the door frame on both sides in 2002 and 2003, and the tear and partial collapse in 2013, were the result of Gateway's conduct.  (*Id.* ¶¶ 15-17.)

### Western National's Policy

22.    Western National issued a commercial general liability policy to Gateway numbered CPP 0015788 for the policy period of March 16, 2012 to March 16, 2013 (the "Policy").  A true and correct copy of the Policy is attached hereto as **Exhibit B**.

23.    Soon after the 2013 collapse, Gateway gave Western National a notice of claim, and Western National assigned it claim number 0300588619.

24.    On January 15, 2013, Western National sent Gateway a reservation-of-rights letter.

25.    A coverage dispute exists under the Policy in relation to the work that Gateway performed for SDWG on the Big Bin.

26.    Although Western National has provided Gateway with a defense in the underlying lawsuit, under the policy terms, Western National does not have a duty to indemnify Gateway from any judgment entered as a result of SDWG's claims.

Case No. CIV17-_____
Complaint for Declaratory Judgment

27.     The policy provides coverage for "property damage" only if it is caused by an

"occurrence."

28.     Several exclusions may negate coverage under the policy, such as:

**Exclusion (l) Damage To Your Work**, which excludes,

> "Property damage" to "your work" arising out of it or any part of it and included
> in the "products-completed operations hazard."

> This exclusion does not apply if the damaged work or the work out of which the
> damage arises was performed on your behalf by a subcontractor.

**Exclusion (m) Damage To Impaired Property Or Property Not Physically
Injured**, which excludes,

> "Property damage" to "impaired property" or property that has not been
> physically injured, arising out of:

> > (1) A defect, deficiency, inadequacy or dangerous condition in "your
> > product" or "your work"; or
> > (2) A delay or failure by you or anyone acting on your behalf to perform a
> > contract or agreement in accordance with its terms.

> This exclusion does not apply to the loss of use of other property arising out of
> sudden and accidental physical injury to "your product" or "your work" after it
> has been put to its intended use.

29.     Whether any damages awarded to SDWG are covered under the Policy will

depend on the jury's determination of the cause of the damage.  The pleadings in the underlying

lawsuit include claims that the damage was caused by multiple actors and multiple acts,

including the work of Gateway's subcontractors at various times; repair work done by Gateway;

Gateway's original construction work; design work done by Heyer; repair work done by SDWG;

and the design of the Big Bin by Chief Industries.

30.     Chief Industries, Gateway, and Heyer have all filed cross-claims in the underlying

action for contribution and indemnity.

Case No. CIV17-_____
Complaint for Declaratory Judgment

31.     An actual controversy has arisen between Western National and Gateway regarding their respective rights and obligations under the policy in relation to Western National's duty to indemnify.

WHEREFORE, Western National respectfully requests judgment as follows:

1.     A declaration of the rights and obligations of Western National with regard to this dispute;

2.     A declaration that Western National has no duty to indemnify Gateway with regard to any claims, including cross claims, pending in the underlying lawsuit.

3.     For Western National's costs and disbursements in this matter; and

4.     For such other relief as the Court deems appropriate under the circumstances.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Dated this 22nd day of November, 2017.

WOODS, FULLER, SHULTZ & SMITH P.C.

By_____
James E. Moore
Alexis A. Warner
PO Box 5027
300 South Phillips Avenue, Suite 300
Sioux Falls, SD 57117-5027
Phone (605) 336-3890
Fax (605) 339-3357
Email James.Moore@woodsfuller.com
          Alexis.Warner@woodsfuller.com
*Attorneys for Plaintiff*

{02814645.1}                                           6